# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

GODFREY ILONZO, BONA ILONZO,
DR. WILLIAM RICHARDSON, DR.
NEVORN ASKARI, ROSEMARY
OFUME, and DONATUS IRIELE,

    Defendants.

                              **CRIMINAL FILE NO.**
                              **1:12-CR-276-SCJ-GGB**

## ORDER

This matter is before the Court on Defendant Godfrey Ilonzo's motion to suppress telephone conversations [31]; Defendant Godfrey Ilonzo's motion to suppress statements [32]; Defendant Godfrey Ilonzo's motion to suppress evidence [108]; Defendant Godfrey Ilonzo's motion to suppress evidence seized from rental car [109]; Defendant William Richardson's motion to suppress computer evidence [110]; Defendant Bona Ilonzo's motion to suppress evidence from computer and personal property [113]; Defendant Nevorn Askari's motion to sever [123]; Defendant Donatus Iriele's motion to suppress evidence [210]; Defendant Donatus Iriele's motion to suppress evidence [211]; Defendant Rosemary Ofume's motion to suppress evidence [213]; Defendant Rosemary Ofume's motion to suppress evidence [214]; Defendant Donatus Iriele's supplemental motion to suppress

evidence [239]; Defendant Donatus Iriele's motion to suppress statements [240]; Defendant Rosemary Ofume's motion to suppress statements [242]; Defendant William Richardson's motion to suppress evidence [261]; Defendant Donatus Iriele's motion to suppress computer evidence [262]; Defendant Rosemary Ofume's motion to suppress evidence [268]; Defendant Rosemary Ofume's motion to suppress evidence [269]; the Report and Recommendation of Magistrate Judge Gerrilyn G. Brill [314]; the objections of Defendant William Richardson [323]; the objections of Bona Ilonzo [325]; and the objections of Godfrey Ilonzo [326].

No parties has filed objections to the Report and Recommendation of Magistrate Judge Gerrilyn G. Brill as to the following motions: Defendant Nevorn Askari's motion to sever [123]; Defendant Donatus Iriele's motion to suppress evidence [210]; Defendant Donatus Iriele's motion to suppress evidence [211]; Defendant Rosemary Ofume's motion to suppress evidence [213]; Defendant Rosemary Ofume's motion to suppress evidence [214]; Defendant Donatus Iriele's supplemental motion to suppress evidence [239]; Defendant Donatus Iriele's motion to suppress statements [240]; Defendant Rosemary Ofume's motion to suppress statements [242]; Defendant Donatus Iriele's motion to suppress computer evidence [262]; Defendant Rosemary Ofume's motion to suppress evidence [268]; and

AO 72A
(Rev.8/82)

Defendant Rosemary Ofume's motion to suppress evidence [269].  The Court will not further discuss those motions.

**Background**

Defendants William Richardson, Bona Ilonzo, and Godfrey Ilonzo filed objections to the Report and Recommendation of the Magistrate Judge.  The Court performs a <u>de novo</u> review of those portions of the Report and Recommendation to which these Defendants object.  Because the Magistrate Judge recounted the factual background of these motions in great detail, the Court summarizes only those facts relevant to the objections.

Defendants are charged with conspiracy to illegally distribute prescriptions for controlled substances without a legitimate medical purpose and related offenses.  The Drug Enforcement Agency began investigating a group of clinics operating under the AMARC name and owned and operated by Godfrey and Bona Ilonzo, as well as the Medicine Center Pharmacy owed by husband and wife Donatus Iriele and Rosemary Ofume.  Dr. William Richardson worked at three of the AMARC clinics.  Defendants filed various motions to suppress with respect to searches and seizures arising out of raids on AMARC clinics primarily on August 22 and 23, 2012.

On August 22, 2012, United States Magistrate Judge Russell G. Vineyard issued federal search warrants for six locations.  As Magistrate Judge Brill noted in

her Report and Recommendation, the August 22, 2012 search warrant applications were all accompanied by a lengthy affidavit from Special Agent Jeffrey Diller detailing a three-year investigation of the clinics and pharmacies. See Doc. No. [314], p. 4-8.

Shortly after the August 22 search warrants were executed, agents requested additional warrants for two computers located at the Ilonzo residence during the August 22 search. Id. at 21. On August 23, 2012, Magistrate Judge Vineyard issued additional search warrants for the Ilonzo residence authorizing the search and seizure of computers located during the search of the residence the day before. Id. at 21-22. The information provided in the August 22 warrant applications was included in the August 23 applications, as well as additional facts concerning the computers themselves. Id.

Over 26 computers and electronic devices were seized during the two day period. Some were reviewed on-site; for others, the DEA created a forensic image of the device for later review; and a last category of computers and devices were entered into evidence by the DEA in Atlanta. Id. at 22. It took from two days to a week to begin shipping those devices to a DEA facility in Virginia for further review. Id.

4

On October 4, 2012, Agent Diller presented 25 individual search warrant applications to Magistrate Judge El Clayton Scofield, III for the 25 seized electronic devices. Judge Scofield signed the warrants on October 9, 2012. Id.

## Objections

### Bona Ilonzo

The Report and Recommendation recounts the information available to agents which evidenced Bona Ilonzo's active management role in the AMARC clinics. See Doc. No. [314], p. 8-9. On the day the search warrants were executed, Special Agent Aldrich observed a purse and laptop bag on or next to one of the desks in the clinics. Agent Aldrich also learned that Bona Ilonzo had been standing at the desk when the search warrant team entered the clinic. There were other items on the desk – such as bank deposit slips and a day planner with patient names. These items led Agent Aldrich to believe that Bona Ilonzo used the desk to conduct the business of the clinic. Id. at 9. Agent Aldrich searched the purse and laptop bag and located a MacBook Pro laptop computer, a notebook containing records relating to the AMARC business, and a manila folder containing deposit receipts and other records from a bank where Agent Aldrich knew AMARC maintained its business account. Id. at 10.

Magistrate Judge Brill reviewed the information in the affidavit supporting the search warrant which showed that Ms. Ilonzo was a corporate officer of

AMARC and managed the day-to-day activity at the clinic, including handing out prescriptions to patients, and collecting proceeds of the clinic. Id. at 27. Ms. Ilonzo's laptop was located on a desk that she used in the clinic front office inside a bag that contained many other documents related to AMARC. Id. at 28. Magistrate Judge Brill recommended that the motion to suppress these items be denied because there was sufficient information from which a reasonable agent could believe they were used to facilitate the business and therefore were within the scope of the search warrant.

In her objections, Ms. Ilonzo contends that she had a reasonable expectation of privacy with regard to her personal belongings – laptop, iPad, laptop bag, and purse – and that expectation did not diminish just because she brought these items into her workplace. She also states she informed Agent Aldrich that the purse was hers. She notes that agents asked permission from other patients and employees before searching their personal belongings.

As the Magistrate Judge pointed out, however, the information known by the agents and reported in the warrant application indicated that Ms. Ilonzo was not simply another patient or employee who happened to be on premises during the search. The search warrant affidavit set forth in detail Ms. Ilonzo's "active management role." On the day the warrant was executed, agents saw Ms. Ilonzo

6

standing at a desk with deposit slips and patient information – clearly related to the running of the business.  Her purse and laptop bag were next to the desk.  The Court finds, therefore, that it was reasonable for agents to believe that those items related to the conduct of the business and were within the scope of the search warrant.

All three Defendants who filed objections – Bona Ilonzo, Godfrey Ilonzo, and William Richardson – contend that the Government's October 4, 2012 warrant applications and the delay in obtaining those applications cause infirmities with the search. Magistrate Judge Brill, however, determined that the October 4 applications were not necessary as a matter of law because the August 22 and 23 applications authorized the seizure of the computers at issue in the October 4 applications. Magistrate Judge Brill further concluded that Defendants' citation to <u>United States v. Mitchell</u>, 565 F.3d 1347 (11th Cir. 2009), was unavailing because in <u>Mitchell</u>, the agents did not have an initial search warrant for the computers, as they did here. <u>Id.</u> at 33-35.   Magistrate Judge Brill also determined that Defendants' delay argument was undermined by the fact that Defendants had not requested the return of their computers.  <u>Id.</u> at 35-36.  In their objections, Defendants raise the same arguments as they presented to the Magistrate Judge.  The Court adopts the

reasoning of the Magistrate Judge that the October 4 applications were not necessary and that there was no improper delay. Id. at 28-32, 33-36.[1]

Defendants further moved to suppress on the basis that Magistrate Judge Scofield indicated in his warrant that it had to be executed within 14 days (or by October 23, 2012) and the Government's failure to search the computers within that time renders the search invalid. Id. at 39-40. Magistrate Judge Brill noted that Federal Rule of Criminal Procedure 41(e)(2)(B) provides that "unless otherwise specified" a warrant authorizes a "later review" of electronically stored information and that any deadline "refers to the seizure or on-site copying of the media of information, and not to any later off-site copying or review." Id. at 40.[2] As such, Magistrate Judge Brill found no issue with the later review of the computers after the October 23 deadline.

The Court agrees. Here, the computers were already in the possession of the Drug Enforcement Agency at the time of the application and by that fact were

---

[1] Because the Court finds that the October 4 applications were not necessary, the Court need not address Dr. Richardson's argument that the warrant application was lacking in indicia of probable cause. See Doc. No. [323], at 13.

[2] Rule 41(e)(2)(B) provides: "Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time of executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review."

AO 72A
(Rev.8/82)

seized within fourteen days of the October 9 search warrant. The "unless otherwise specified" clause in Rule 41(e)(2)(B) refers to whether a later review may take place. Magistrate Judge Scofield indicated that the warrant had to be executed by October 23, 2012. He did not "otherwise specify" when the data had to be copied or reviewed. Under Rule 41, off-site review or copying need not be completed by the deadline for execution. Magistrate Judge Scofield's execution deadline did not alter the distinction set forth in Rule 41 between "seizure or on-site copying" and "later off-site copying or review." The Court overrules Defendants' objections and denies their motions to suppress on this basis.

William Richardson

Dr. Richardson worked at AMARC clinics. During the investigation, no agent ever saw Dr. Richardson using a personal computer at a clinic. When agents posing as patients saw Dr. Richardson at the clinic, he did not use a computer. Id. at 10-11. No agents knew whether Dr. Richardson used his personal computer to access clinic files. Id. at 11. But agents had seen Dr. Richardson bringing bags from his vehicle to clinic. Id. at 12.

When the search warrant was executed, agents searched a room labeled "Doctor's Lounge." Id. at 11. No other room in the clinic appeared to be a doctor's office or lounge. Id. An agent found a Dell laptop computer belonging to Dr.

Richardson in the Doctor's Lounge. Id. The laptop was in a laptop bag located on the desk or chair in the room. There were documents related to Dr. Richardson's other businesses in the laptop bag and those documents were not seized. Id. Agents did seize the laptop.

Magistrate Judge Brill determined that the agents reasonably could have believed Dr. Richardson's laptop had been used to facilitate the business of the clinic because he brought it inside the clinic where he was the primary doctor and saw numerous patients to whom he prescribed controlled substances. Id. at 26. The search warrant affidavit also recounted how computers are used to facilitate the medical practice at businesses such as AMARC. Agents also observed Dr. Richardson carrying a bag into other AMARC clinics. Id. As such, Magistrate Judge Brill concluded that it was "reasonable" for agents "to assume that Dr. Richardson would keep records relating to his medical practice on the computer that he brought with him into the clinic, and that he would not bring a computer used solely for personal purposes into his office at the clinic." Id. at 27. Magistrate Judge Brill also rejected Defendant's argument that the Government acted improperly in not including exculpatory evidence in the warrant application. Id. at 38. Additionally, the fact that Defendant Richardson had not been "directly observed using the computer during doctor-patient interactions would not

10

undermine the 'fair probability' established by the other evidence in the affidavit" rendering any omission immaterial. Id. at 39.

In his objections, Dr. Richardson again argues that because no one directly observed him using the computer, agents could not infer it was "used to facilitate the business." See Doc. No. [323], at 7. The Court rejects Defendant's argument that there was no way for agents to infer that his computer was "used to facilitate the business." Agents saw Dr. Richardson carry the bag into and out of the clinic when he was there for his medical duties. Dr. Richardson brought the computer into the clinic and was the only physician there to see patients. The Court finds it is reasonable based on this evidence for agents to assume that Dr. Richardson would not bring a computer solely used for personal reasons into the clinic and further that Dr. Richardson would keep records relating to his medical practice on the computer he carried with him into the clinic. For the same reasons as articulated by Magistrate Judge Brill, the Court also finds that agents did not need to recite in the affidavit accompanying the search warrant application that they had not directly observed Dr. Richardson using the computer despite having observed him in many doctor-patient encounters. The Court overrules Defendant Richardson's objections to the Report and Recommendation.

11

Godfrey Ilonzo

On August 22, 2012, ten to fifteen law enforcement agents entered the AMARC clinic in Tyrone, Georgia.  Godfrey Ilonzo was in his office at the clinic. Agents arrested him pursuant to a warrant for bankruptcy fraud and reported that he appeared to be in a state of shock, but not in distress.  Id. at 12.  Mr. Ilonzo signed an Advice of Rights form which contained the standard Miranda warnings. Id. at 13.  Mr. Ilonzo was interviewed for eight minutes before he asked for counsel. No additional questions were asked after that request.  Id.  He was then placed in handcuffs and put in a vehicle to be transported to the Atlanta City Detention Center.  No questions were asked during the ride, but Mr. Ilonzo did make unsolicited statements.  Id. at 13-14.  Mr. Ilonzo asks the Court to suppress any statements he made.

Magistrate Judge Brill rejected Defendant's argument that his statements should be suppressed because he did not knowingly and intelligently waive his privilege against self-incrimination.  Although Mr. Ilonzo was under some distress from the raid and his arrest, Magistrate Judge Brill found that he was coherent and understood his rights. Id. at 46.  She further noted that no agent questioned Mr. Ilonzo after he invoked his right to counsel.  Id. When Mr. Ilonzo attempted to speak up in the car, the agents reminded him that he had invoked his right remain

12

silent.  Id.  Mr. Ilonzo's objections to the Report and Recommendation raise the same arguments as he addressed to the Magistrate Judge.  For the reasons given in the Report and Recommendation, the Court denies Mr. Ilonzo's motion to suppress the statements.

On the day of the arrest, a rental car was located in the parking lot of the AMARC Tyrone clinic.  The agents previously had observed that Mr. Ilonzo used this car.  They looked through the windows and could clearly see deposit slips for banks Mr. Ilonzo had visited during the course of the investigation, an iPad, and folders which had the characteristics of patient folders.  Id. at 14.  After observing those items they believed to be within the scope of the search warrant, the agents searched the car and impounded it.  Mr. Ilonzo asks the Court to suppress the search of the car.

Magistrate Judge Brill discussed at length the search of Mr. Ilonzo's rental car and concluded it was proper under Eleventh Circuit authority citing United States v. Alston, ____ F. App'x ____, 2015 WL 657854 (11th Cir. 2015).  Id. at 42-44.  Mr. Ilonzo objects only so as to preserve his argument against Alston.  The Court agrees with the recommendation of the Magistrate Judge that the search of the rental car was proper under the authority of Alston.

AO 72A
(Rev.8/82)

Finally, Mr. Ilonzo asks the Court to suppress telephone conversations between him and his counsel on August 22, 2012 and August 28, 2012. The calls were recorded by the jail facility but Mr. Ilonzo believes they are covered by the attorney-client privilege. Magistrate Judge Brill recommended that this motion be denied because it was clear that the jail telephone system informed Defendant that the call was subject to monitoring and recording which destroyed the privilege. Id. at 58-59. Again, Mr. Ilonzo's objections simply restate his arguments. For the same reasons as noted by Magistrate Judge Brill, the Court denies Mr. Ilonzo's motion to suppress the telephone conversions.

**Conclusion**

The Court ADOPTS the Report and Recommendation of Magistrate Judge Brill [314] as the ORDER of the Court. The Court OVERRULES the objections of Defendant William Richardson [323]; the OVERRULES objections of Bona Ilonzo [325]; and OVERRULES the objections of Godfrey Ilonzo [326].

The Court DENIES Defendant Godfrey Ilonzo's motion to suppress telephone conversations [31]; DENIES Defendant Godfrey Ilonzo's motion to suppress statements [32]; DENIES Defendant Godfrey Ilonzo's motion to suppress evidence [108]; DENIES Defendant Godfrey Ilonzo's motion to suppress evidence seized from rental car [109]; DENIES Defendant William Richardson's motion to suppress computer evidence [110]; DENIES Defendant Bona Ilonzo's motion to suppress

14

evidence from computer and personal property [113]; DENIES Defendant Nevorn Askari's motion to sever [123]; DENIES Defendant Donatus Iriele's motion to suppress evidence [210]; DENIES Defendant Donatus Iriele's motion to suppress evidence [211]; DENIES Defendant Rosemary Ofume's motion to suppress evidence [213]; DENIES Defendant Rosemary Ofume's motion to suppress evidence [214]; DENIES Defendant Donatus Iriele's supplemental motion to suppress evidence [239]; DENIES Defendant Donatus Iriele's motion to suppress statements [240]; DENIES Defendant Rosemary Ofume's motion to suppress statements [242]; DENIES Defendant William Richardson's motion to suppress evidence [261]; DENIES Defendant Donatus Iriele's motion to suppress computer evidence [262]; DENIES Defendant Rosemary Ofume's motion to suppress evidence [268]; and DENIES Defendant Rosemary Ofume's motion to suppress evidence [269].

**IT IS SO ORDERED** this 6th day of October 2015.

_____

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

15