# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GODFREY ILONZO, | : | MOTION TO VACATE |
| BOP # 63976-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
|    v. | : | 1:12-CR-276-SCJ-JKL-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:18-CV-2986-SCJ-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant, Godfrey Ilonzo, submitted (1) a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") [Doc. 807], (2) two amendments to the motion to vacate [Docs. 818, 821], (3) a memorandum of law [Doc. 824], and (4) an amendment to the memorandum of law [Doc. 844]. The Government filed a response in opposition [Doc. 850], and Movant filed a reply [Doc. 863]. For the reasons given below, the undersigned recommends that the motion to vacate, as amended, be denied.

    I.    <u>Proceedural History</u>

On February 16, 2017, Movant pleaded guilty to conspiracy to (1) distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), (b)(2), and 846, and (2) commit money laundering, in violation of 18

U.S.C. § 1956(h). [*See* Docs. 146, 612.] On June 14, 2017, the District Court filed the Judgment and Commitment, sentencing Movant to 144 months of imprisonment, followed by three years of supervised release. [Doc. 684.] Movant did not appeal. [Doc. 807 at 1.]

On June 11, 2018, Movant timely executed his motion to vacate. [*Id.* at 5.] Movant claims that (1) trial counsel "was constitutionally ineffective during the plea negotiations," (2) trial counsel "was constitutionally ineffective for waiving the final disposition of a pre-trial motion challenging a violation of attorney/client privilege by [a] federal agent [who] review[ed] protected computer files," and (3) Movant is actually innocent. [*Id.* at 4.]

In his amendments to the motion to vacate, Movant claims that trial counsel provided ineffective assistance by failing to (1) challenge "egregious misconduct" by federal agents, (2) investigate the case, (3) properly advise him regarding his possible sentence and the alternatives of pleading guilty versus going to trial, (4) argue that he should receive an "average" sentence, and (5) "argue a speedy trial violation." [Doc. 818-1 at 2-7; Doc. 821-1 at 2-7.]

II.   28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of

2

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

"[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In the present case, the undersigned determines that an evidentiary hearing is not needed because the

3

motion to vacate, as amended, and record of the case conclusively show that Movant is not entitled to relief.

 III. Discussion

To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide [her]

client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 F. App'x 992, 997 (11th Cir. 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 F. App'x 770, 770-71 (11th Cir. 2014) (same). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

In the present case, Movant waived his ineffective assistance claims regarding counsel's assistance before Movant pleaded guilty. A criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1151 n.38 (11th Cir. 1991). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction,

and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam)). Accordingly, Movant waived the following ineffective assistance claims: (1) counsel improperly "waiv[ed] the final disposition of a pre-trial motion challenging a violation of attorney/client privilege by [a] federal agent [who] review[ed] protected computer files" (second claim in motion to vacate); and (2) counsel improperly failed to (a) challenge "egregious misconduct" by federal agents, (b) investigate the case, and (c) "argue a speedy trial violation" (first, second, and fifth claims in amendments to motion to vacate). [Doc. 807 at 4; Doc. 818-1 at 2-7; Doc. 821-1 at 2-7.]

Movant's only viable ineffective assistance claims regarding his guilty plea are the following: (1) counsel was "ineffective during the plea negotiations" (first claim in motion to vacate); and (2) counsel improperly advised him regarding his possible sentence and the alternatives of pleading guilty versus going to trial (third claim in amendments to motion to vacate). [Doc. 807 at 4; Doc. 818-1 at 2-7; Doc. 821-1 at 2-7.] Insofar as Movant claims that counsel's alleged ineffectiveness caused him to plead guilty involuntarily, Movant must satisfy *Strickland* and *Hill*. However, Movant indicated during the plea colloquy that he

6

understood his rights, charges, and plea agreement. [*See* Doc. 850 at 6, 16-19.] The District Court found that Movant was competent and his guilty plea was voluntary and knowing. [*See id.* at 8.]

Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 F. App'x 918, 919 (11th Cir. 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 F. App'x at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy were false).

Movant relies only on his self-serving declaration that counsel improperly advised him. [Doc. 818-2 at 1-2; Doc. 821 at 2-3.] Movant's declaration does not show that he made false statements during the plea colloquy. The undersigned concludes that Movant fails to satisfy his heavy burden. Therefore, Movant is not entitled to relief on his claims of ineffective assistance of counsel before he pleaded guilty. *See Patel v. United States*, 252 F. App'x 970, 975 (11th

Cir. 2007) (per curiam) (determining that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).

Movant's only claim of ineffective assistance of counsel at sentencing is that counsel improperly failed to argue that Movant should receive an "average" sentence (fourth claim in amendments to motion to vacate). [Doc. 818-1 at 2-7; Doc. 821-1 at 2-7.] However, the Government correctly points out that counsel argued in favor of a sentence of 144 months of imprisonment, as provided in the plea agreement, even though Movant's sentencing guideline range was substantially higher, at 262 to 327 months of imprisonment. [Doc. 850 at 8-10.] The Government also argued in favor of a sentence of 144 months of imprisonment because "it was consistent with other sentences for [similar defendants] in the Northern District of Georgia." [*Id.* at 9.] The District Court considered rejecting the proposed sentence as too low but ultimately imposed it. [*Id.* at 10.] Given those circumstances, Movant received a sentence that was no higher than his desired "average." Movant thus fails to show that counsel performed deficiently and that he was prejudiced.

Finally, Movant claims that he is actually innocent (third claim in motion to vacate). [Doc. 807 at 4.] However, Movant fails to present proof, and his

8

claim does not state an independent ground for relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Accordingly, the undersigned recommends that the motion to vacate be denied.

IV. <u>Certificate of Appealability</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

V.   Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that (1) the motion to vacate [Doc. 807], as amended [Docs. 818, 821], be **DENIED**, and (2) a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

**IT IS SO RECOMMENDED**, this 29th day of April, 2021.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE