# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GODFREY ILONZO, : | |
|     Movant, : | |
| : | CRIMINAL ACTION NO. |
| v. : | 1:12-CR-276-SCJ-1 |
| : | |
| UNITED STATES OF AMERICA, : | |
|     Respondent. : | |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 917], recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255, [Doc. 807], be denied. Movant has filed his objections in response to the R&R. [Doc. 922]. Movant has also filed a motion for reconsideration, [Doc. 919], of this Court's denial, [Doc. 916], of his motions for compassionate release, [Docs. 877, 905].

## I. Recommendation that Movant's 28 U.S.C. § 2255 Motion be Denied

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically

identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

Briefly describing Movant's criminal activities, he, along with his wife, owned and operated a number of "pill mills" or seemingly legitimate medical providers that served instead as fronts for the illegal distribution prescription opioid painkillers such as oxycodone. Through this sham operation, physicians employed by Movant wrote illegal prescriptions for thousands of "patients."[1] [Doc. 846 at 24-28]. Movant pled guilty pursuant to a plea agreement to (1) conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(E), (b)(2), and 846, and (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [Docs. 146, 612]. This Court sentenced him to a term of 144 months incarceration to be followed by three years of supervised release. [Doc. 644]. He did not appeal.

In his § 2255 motion, Movant raises seven claims of ineffective assistance of counsel and an assertion that he is actually innocent. The Magistrate Judge determined that, by pleading guilty, Movant waived all but two of his ineffective

---

[1] Indeed, the scope of Movant's operation is shocking. The Pre-Sentence Investigation Report estimated that he and his conspirators dispensed the equivalent of more than 349,227 kilograms of marijuana. PSR ¶ 332.

assistance claims. With respect to the two claims not waived by his guilty plea, the Magistrate Judge concluded that Movant's sworn statements made at the plea hearing flatly refuted his claims. Finally, with respect to his claim of actual innocence, the Magistrate Judge found that Movant had failed to present any proof of his purported innocence, and, in any event, a claim of actual innocence does not state an independent ground for relief under § 2255. See United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005).

In his objections, Movant first raises a number of issues that are entirely irrelevant to his entitlement to § 2255 relief.[2] He next argues that his trial counsel was ineffective for failing to provide him with copies of discovery that the Government had turned over. As the Magistrate Judge noted, Movant's claims regarding events that occurred prior to his guilty plea are waived by that plea, Tollett v. Henderson, 411 U.S. 258, 267 (1973), and that includes his claim regarding what discovery was turned over to him by his counsel.

---

[2] For example, Movant contends that the Government made false claims against him in response to his motion for compassionate release, and he recounts incidents which he claims demonstrates that members of the prosecution and the agents investigating his crimes were biased against him and engaged in purportedly unethical acts to pressure witnesses to provide evidence against him. He further indicates that his prosecution was racially motivated and discusses at length the fact that some of the physicians working in his clinics were charged as his co-conspirators while others were not.

3

Moreover, this Court has examined the discovery items that Movant says were withheld, and Movant's contentions regarding that material are not convincing. According to Movant, the discovery information that he received after he went to prison show that undercover "government agents took control of his clinic for three and a half years" and somehow maneuvered events to make Movant appear guilty. [Docs. 922 at 5, 863 at 13].

Ignoring the absurdity of this claim when considering that Movant himself owned and operated the clinics when government agents posing undercover as patients supposedly "took control," this Court points to the transcript of Movant's guilty plea hearing. At that hearing, after the Government described Movant's extensive and active involvement in the operation of the clinics which illegally disbursed opioids to thousands of individuals, the following colloquy ensued:

> The Court: . . . Dr. Ilonzo, you just heard Ms. Boatright summarize what the Government's evidence would be if this case went to trial. Do you agree with the prosecutor's summary of what you did?
>
> The Defendant: Yes, Your Honor.
>
> The Court: . . . Dr. Ilonzo, are you, in fact, guilty as alleged in Counts 1 and 17 of the indictment?
>
> The Defendant: Yes, Your Honor.

[Doc. 846 at 27-28].

AO 72A
(Rev.8/82)

Having admitted his guilt under oath, this Court must presume that Movant's admission of guilt was true, United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994), and Movant's highly improbable allegations do not serve to overcome the presumption.

Movant also argues that discovery materials that he received after he was sentenced indicate that he properly screened his patients to insure that the prescriptions they received were medically appropriate. In particular, he notes that discovery documents show clinic employees became suspicious of one of the undercover agents when that agent's urine test indicated that he had no drugs in his system. Operators of a pill mill would, however, worry about law enforcement investigations, and a customer with no drugs in his system would obviously raise suspicions that the customer is an undercover agent. Rather than demonstrating that the clinic physicians and support staff were trying to prevent drug abuse as Movant claims, this evidence shows that they were trying to prevent getting caught.

Finally, this Court agrees with the Magistrate Judge that Movant is not entitled to an evidentiary hearing. As indicated above, the discovery information that he now relies on in support of his claims is not exculpatory, and the Magistrate Judge was thus correct in concluding that the § 2255 motion and the record conclusively show that Movant is not entitled to relief. See 28 U.S.C. § 2255(b). In summary, this Court

concludes that the Magistrate Judge is correct that Movant has failed to demonstrate that he is entitled to § 2255 relief.

**II. Reconsideration of the Denial of Movant's Motion for Compassionate Release**

On April 21, 2021, this Court denied Movant's motion for compassionate release after determining that (1) because Movant had already contracted COVID-19 and had recovered, he could not show that he was at a heightened risk because of the pandemic, and (2) the record of Movant's crimes clearly indicate that he is not entitled to compassionate release. [Doc. 916]. Movant now seeks reconsideration of that decision. [Doc. 922].

Assuming that a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is civil in nature, the Federal Rules of Civil Procedure do not specifically mention a "motion for reconsideration." However, the basis for such a motion arises from Rule 60(b)'s provision outlining the grounds for relief from a judgment or order. See Fed. R. Civ. P. 60(b). The Local Rules of the Northern District of Georgia allow for the filing of motions for reconsideration only when "absolutely necessary." N.D. Ga. L.R. 7.2(E). "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error or prevent a manifest injustice." Preserve Endangered Areas of Cobb's History, Inc. v.

AO 72A
(Rev.8/82)

U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996). A motion for reconsideration is not "a vehicle to present new arguments or evidence that should have been raised earlier." Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000). Neither is it "an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.'" Preserve Endangered Areas, 916 F. Supp. 2d at 1560. A motion for reconsideration most assuredly should not be used to simply "repackage familiar arguments to test whether the Court will change its mind." Chesnut v. Ethan Allen Retail, Inc., 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014).

In his motion, Movant first complains that this Court improperly relied on the Government's false accusation that, after his clinics were shut down, he had attempted to open another clinic to carry on his pill trafficking enterprise. In response, this Court notes that, given the nature of his crimes—notably the shockingly high amount of opioids that he was responsible for illegally distributing—even if this Court were to ignore the Government's accusation, Movant would not be entitled to compassionate release.

Movant next quibbles with this Court's determination that he was the ringleader of the pill mill operation. According to Movant, he

7

was charged with conspiring with two (African-American) doctors and by inference, not conspiring with the other three (non African American) doctors. However all five doctors worked off of the same charts, treated the same patients and entered their respective patient progress notes accordingly. Defendant has raised this issue before, and wishes to know what specific activities Defendant engaged in with the two African American doctors that Defendant did not undertake with the other three non African American doctors who also undertook pain management on a regular basis.

[Doc. 919 at 2].

At most, Movant's claims indicate a racial component in the Government's decision to charge the two African-American physicians. If true, the implication is certainly troubling, but it has utterly nothing to do with the fact that Movant was a ringleader of the drug operation or the question of whether Movant is entitled to compassionate release.

Finally Movant disputes this Court's statement that, "[i]n an effort to conceal the illegal prescribing activity at his clinics and avoid personal liability, he periodically changed how the clinics operated, including . . . personally directing which pain patients would be seen at which of his clinics." [Doc. 916 at 10-11]. According to Movant, as the chief executive of a multi-location facility, he was required to make such decisions. He further contends that he had "no reason or need to hide anything from anybody" and that he was "prominently available." [Doc. 919 at 2]. Again, however, Movant's efforts to avoid getting caught were not significant

8

to this Court's decision to deny compassionate release. Moreover, Movant's revisionist statements in which he now attempts to deflect his personal responsibility for his very serious crimes clearly establish that compassionate release would in no way be appropriate.

**III. Conclusion**

For the reasons discussed above, the R&R, [Doc. 917], is hereby **ADOPTED** as the order of this Court, and the pending § 2255 motion, [Doc. 807], is **DENIED**. The Clerk is **DIRECTED** to close Civil Case Number 1:18-CV-2986-SCJ.

This Court further agrees with the Magistrate Judge that Movant has failed "to make a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

Additionally, Movant's motion for reconsideration, [Doc. 919], of this Court's denial of his motion for compassionate release is **DENIED**.

**IT IS SO ORDERED**, this 30th day of June, 2021.

s/Steve C. Jones  
HONORABLE STEVE C. JONES  
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)